Gagik GOUBASARIAN;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73385.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

Artem M. Sarian, Esq., Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Gagik Goubasarian, his wife, Aida Minasian, and his son, Khristofor Goubasarian, are natives and citizens of Armenia. Goubasarian petitions for review of the Board

---

1. These documents show that he was employed continuously from November 18, 1987 to December 22, 1998.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for relief under the Convention Against Torture ("CAT").

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's decision to deny CAT relief, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003), and we deny this petition for review.

Substantial evidence supports the IJ's denial of CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Goubasarian failed to establish that he was tortured in the past, *see Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002), or that it is more likely than not that he will be tortured if he returns to Armenia, *see Malhi,* 336 F.3d at 993.

Finally, we note that on August 16, 2004, the BIA granted Khristofor's motion to reopen his case to allow Khristofor to apply for adjustment of status based on his marriage to a United States citizen. Because Khristofor's case is currently pending before the agency, Khristofor is not subject to a final order of removal. Therefore, this court lacks jurisdiction over any claim relating to Khristofor in the petition at bar. *See* 8 U.S.C. § 1252(a). Thus, this disposition does not have any effect on Khristofor's immigration proceedings.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.